UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY TERRELL BYRD,

      Petitioner,                                      Case No. 1:04-CV-785

v.                                                        Hon. Robert J. Jonker

KURT JONES,

      Respondent.
_____/

**ORDER AND JUDGMENT**
**APPROVING REPORT AND RECOMMENDATION**

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 21) filed on November 21, 2007. Petitioner filed his Objection to the Report and Recommendation (docket # 23) on December 10, 2007.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; and Petitioner's objections. After its review, the Court finds Magistrate Judge Brenneman's Report and Recommendation to be both factually sound and legally correct.

Petitioner makes three objections, all of which, as clearly stated in the objection itself, are nothing more than restatements of the arguments contained in Petitioner's Brief in support of his Petition for Writ of Habeas Corpus (docket # 2). Magistrate Judge Brenneman properly and thoroughly analyzed each of Petitioner's arguments in the Report and Recommendation. To briefly restate, Petitioner's improper bindover argument is without merit because a claim of improper bindover for trial is not cognizable on federal habeas review. *See Frisbie v. Collins*, 342 U.S. 519, 522 (1952) ("[D]ue process of law is satisfied when one present in court is convicted of [a] crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will."). Petitioner's procedural default arguments are without merit because Petitioner has not alleged any cause for the procedural default—he has not pointed to an objective

factor that impeded his counsel's efforts to comply with state procedural rules—and he has not presented new evidence of actual innocence such that a fundamental miscarriage of justice would occur absent federal review of his habeas claims. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986) ("[T]he existence of cause for a procedural default must turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."); *Schlup v. Delo*, 513 U.S. 298, 329 (1995) ("[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.").

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed November 21, 2007, is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's 28 U.S.C. § 2254 petition for habeas relief is DENIED.

Dated:    January 14, 2008            /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE